UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) ) |  |
| v. | ) ) | No.: 3:21-cr-5-TAV-DCP-17 |
| DELLONE M. MARTIN, | ) ) |  |
| Defendant. | ) ) |  |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's pro se motions for a sentence reduction [Docs. 782, 789]. In defendant's motion, defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 821 to the United States Sentencing Guidelines Manual. The Federal Defender Services of Eastern Tennessee has filed a notice of no intention to supplement the pro se motion [Doc. 793], and the government filed a response in opposition [Doc. 797]. For the following reasons, defendant's pro se motions [Docs. 782, 789] are **DENIED**.

I. **Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term

> of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023). Other than substituting Amendment 821 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other

2

Case 3:21-cr-00005-TAV-DCP    Document 800    Filed 08/20/24    Page 2 of 7    PageID #: 4173

guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.*; U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii). A court may further consider a defendant's post-sentencing conduct. *Id.* at n.1(B)(iii)

## II. Factual Background

Defendant pleaded guilty to conspiracy to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A) [Doc. 381]. At the time of sentencing, defendant did not receive any additional criminal history points, as he did not commit the instant offense while under a criminal justice sentence [*See* Presentence Investigation Report ("PSR")]. Accordingly, defendant had a total of six criminal history points, resulting in a criminal history category of III [*Id.* ¶ 72]. With a total offense level of 29 and criminal history category of III, defendant's guideline range was 108 to 135 months' imprisonment [*Id.* ¶ 89]. But, because the statutorily authorized minimum sentence of 10 years was greater than the minimum of the guideline range, defendant's effective guideline range was 120 to 135 months' imprisonment [*Id.*].

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sent'g Guidelines § 1B1.10(b)(2)(B).

The Court sentenced defendant to 120 months' imprisonment [Doc. 722], which is within the range produced by the Guidelines. According to the Bureau of Prisons' website, defendant is presently scheduled for release on October 7, 2029. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Aug. 16, 2024).

### III. Analysis

Amendment 821 to the Guidelines, which became effective on November 1, 2023, has two relevant parts. U.S. Sent'g Guidelines Supp. to App. C, amend. 821. First, Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence. *Id.* Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence. *Id.* Under Amendment 821, section 4A1.1(e) now provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.* A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1. *Id.*

4

Secondly, Amendment 821 adds new section 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level. *Id.* The two-level reduction applies if a defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*Id.*

Pursuant to Amendment 825, the Sentencing Commission amended section 1B1.10(d) to include these portions of Amendment 821 in the list of retroactive amendments. U.S. Sent'g Guidelines Supp. to App. C, amend. 825. The Sentencing Commission also amended section 1B1.10(e) to specify that "[t]he court shall not order a reduced term of imprisonment based on . . . Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.*

Here, defendant is not entitled to a sentence reduction under either part of Amendment 821. Defendant plainly does not qualify as a "zero-point offender" under Section 4C1.1, as his prior criminal convictions yielded a total of 6 criminal history points [*See* PSR]. Nor is he entitled to a sentence reduction under Amendment 821's revision of Section 4A1.1, as he did not receive any "status points" [*Id.*].

Further, even if defendant were entitled to relief under Amendment 821, the Court lacks authority to reduce his sentence below the statutory minimum sentence of 10 years. The Court sentenced defendant in accordance with the statutory minimum sentence, as opposed to his guideline range. *See* U.S. Sent'g Guidelines Manual § 1B1.10 Comment. Application Note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."). *See also United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013) ("Because the Sentencing Commission's amendments to the . . . guidelines have no effect on statutory minimum sentences mandated by Congress, [the defendant's] sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" quoting 18 U.S.C. § 3582(c)(2)). Thus, defendant was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Case 3:21-cr-00005-TAV-DCP   Document 800   Filed 08/20/24   Page 6 of 7   PageID #: 4177

For the reasons above, the Court lacks authority to reduce defendant's sentence in this case. *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(2)(B).

**III. Conclusion**

For the reasons stated herein, defendant's motions [Docs. 782, 789] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE