UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:21-cr-5-TAV-DCP-17 |
| DELLONE M. MARTIN, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the defendant's pro se motion for production of sentencing transcripts [Doc. 737] and his motion for leave to proceed *in forma pauperis* for request of documents [Doc. 743]. The motions [Docs. 737, 743] are **DENIED** for the following reasons.

In his first motion, defendant appears to ask for his sentencing transcript to help him prepare a motion for relief pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 821[1] to the United States Sentencing Guidelines Manual [Doc. 737]. But, on August 20, 2024, the Court entered a memorandum opinion and order [Doc. 800] denying his pro se motion for a sentence reduction under Amendment 821. Accordingly, his motion for production of transcripts [Doc. 737] is **DENIED as moot**.

---

[1] Defendant states that he believes he is entitled to a sentence reduction based on "recent retroactive (781) amendments," which "allow[ ] for a two-point reduction in criminal history points" [Doc. 737, p. 1]. The Court construes defendant's statement as requesting relief under Amendment 821.

In his second motion, defendant seeks a copy of the docket sheet, judgment, indictment, plea agreement, and sentencing transcript "to continue his post-conviction relief efforts" [Doc. 743].

While an indigent prisoner does not have a constitutional right to a free transcript, he is entitled to have the government pay for a transcript if he demonstrates that his claim is not frivolous and that the transcript is needed to decide the issues presented in his case. *See* 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317, 325–27 (1976). The Constitution, however, does not require that an indigent defendant "be furnished every possible legal tool, no matter how speculative its value, and no matter how devoid of assistance it may be, merely because a person of unlimited means might choose to waste his resources in a quest of that kind." *MacCollom*, 426 U.S. at 330 (Blackmun, J., concurring). Accordingly, a defendant must make a particularized showing of the need for a transcript. *Id.* at 326–27 (finding that "merely a conclusory allegation" or a "naked allegation" does not meet the conditions for obtaining a transcript at government expense under § 753(f)).

Here, defendant has not filed any motion pursuant to 28 U.S.C. § 2255. His only explanation as to why he needs a sentencing transcript and other documents is his assertion that he wishes "to continue his post-conviction relief efforts" [*Id.*]. Because he has not presented any particularized need for a transcript to resolve a pending issue in his case, his motion [Doc. 734] is **DENIED**. *See id.*

For the reasons above, defendant's pro se motions [Docs. 737, 743] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE